MILLER–LINK LUMBER CO. et al. v. STEPHENSON et al.   (No. 1067.)*

(Court of Civil Appeals of Texas. Beaumont. July 19, 1924. Rehearing Denied Oct. 15, 1924.)

1. Injunction ⚹118(2)—Allegation that plaintiff was "owner" of timber held sufficient to put title in issue; "own."

Allegation of petition for injunction against interference with cutting and removal of timber that plaintiff was owner thereof, *held* sufficient to put title and ownership in issue, though facts on which claim of title was based were not alleged; to "own" meaning to hold as property, have good and legal or rightful title to, "owner" being rightful proprietor, one having legal or rightful title, or domination of thing, real or personal, corporeal or incorporeal, with right to enjoy and do with it as he pleases, and spoil or destroy it as far as law permits, unless prevented by agreement or

covenant (quoting Words and Phrases, First Series, "owner").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Own (verb).]

**2. Judgment ⊚⟞147—Becomes final in absence of appeal or motion to set aside.**

Where defendants file no motion to set aside, and do not appeal from, default judgment perpetuating injunction against them by court having jurisdiction of parties and subject-matter, judgment becomes final.

**3. Judgment ⊚⟞563(2)—Actual trial and canvassing of facts unnecessary to render judgment conclusive.**

While judgment, to be conclusive, must have been rendered in proceeding involving investigation or affording opportunity for investigation and determination of merits of suit, there need not have been actual trial and canvassing of facts in order to determine merits.

**4. Judgment ⊚⟞713(2)—Conclusive as to all issues which were determined or could have been adjudicated.**

Judgment is conclusive as to all matters put in issue by pleadings, either expressly or by necessary implication, which have been determined or could have been adjudicated.

**5. Judgment ⊚⟞743(1)—Judgment enjoining cutting and removing of timber held res adjudicata of plaintiff's title.**

Judgment granting injunction against interference with cutting and removing of timber, which court found was owned by plaintiff, with right to cut and remove it within certain time, *held* res adjudicata of title to and ownership thereof.

**6. Logs and logging ⊚⟞3(7)—Timber owner having right of removal not liable to landowner for damages incidental to employment of usual means for removing timber.**

Corporation entering on land to cut and remove timber, to which it had title with right of removal within certain time, can be held for only such damage to land as was caused by negligent and improper manner of conducting operations, and not for damages incident to employment of usual and customary means of removing timber, including use of tram and wagon roads reasonably necessary for transportation thereof.

**7. Logs and logging ⊚⟞3(7) — Evidence not showing amount of damages caused by negligence, and amount unavoidably incident to removal of timber, insufficient to support judgment for damages.**

Evidence not showing how much of damages to land from cutting and removal of timber was caused by negligence in logging operations, and how much was unavoidably incident to exercise of right to cut and remove timber, is insufficient to support judgment awarding damages.

**8. Appeal and error ⊚⟞843(1)—Questions not arising on retrial not discussed.**

Questions which may not arise on new trial granted need not be discussed.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Miller-Link Lumber Company against R. M. Stephenson and others, in which the named defendant's heirs, on his death, and George W. Brown and another, as receivers for plaintiff, were substituted as parties. From judgments for defendants, the original plaintiff and others appeal. Reversed and rendered in part, and reversed and remanded in part.

Baker, Botts, Parker & Garwood, of Houston, for appellants.

Kennerly, Williams, Lee & Hill, of Houston, and A. M. Huffman, of Beaumont, for appellees.

O'QUINN, J. This suit involves the title to the merchantable pine timber on a certain tract of 160 acres of land situated in Newton county, Tex., patented to R. M. Stephenson by the state of Texas March 27, 1889. The original suit was filed by the Miller-Link Lumber Company, as plaintiff, against R. M. Stephenson and O. H. Stephenson, as defendants, on July 24, 1919, in the district court of Newton county, Tex., being docketed as No. 1646, entitled Miller-Link Lumber Company v. R. M. Stephenson et al. Plaintiff's original petition alleged ownership of the pine timber on the land mentioned, with the right to cut and remove same at any time within 10 years from October 9, 1919; that defendants were threatening with force and arms to prevent plaintiff from going on the said land and cutting and removing said timber, and prayed for a restraining order, and upon a final hearing for a permanent injunction enjoining the defendants from interfering with the exercise of its rights.

July 10, 1919, W. T. Davis, judge, in chambers, ordered the issuance of a temporary restraining order against the defendants, and made same returnable to the next regular term of the district court for Newton county. Subsequently on September 1, 1919, on a regular hearing, the restraining order was made permanent, and all costs of suit taxed against defendants. The judgment of the court making the restraining order permanent recites the issuance of the temporary restraining order, the appearance of the plaintiff, the default of the defendants, though duly cited to appear and answer, describes the timber in controversy, and then decrees and adjudges as follows:

"It is ordered, adjudged and decreed by the court that the temporary restraining order heretofore issued by the court be and the same is hereby perpetuated and in all things made final, and defendants, O. H. Stephenson and R. M. Stephenson, are hereby forever enjoined and prohibited from interfering with or obstructing plaintiff, Miller-Link Lumber Com-

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pany, from entering upon and cutting and removing the timber from the hereinbefore described land, and all costs of this suit are adjudged against the defendants, for which let execution issue,"

—which said judgment was duly entered of record in the minutes of the district court of Newton county, Tex. On the date of the final order and judgment, September 1, 1919, neither of the defendants had filed any answer. Between the time of the restraining order and October 9, 1919, the Miller-Link Lumber Company cut and removed the pine timber on the 160 acres of land.

On March 12, 1920, R. M. Stephenson and his wife, Adelaide Stephenson, claiming to own the timber that was cut, answered originally for the first time in said cause No. 1646, and February 24, 1920, O. H. Stephenson, claiming to own the land at the time the timber was cut, answered originally for the first time in said cause. On August 31, 1920, there was entered on the docket of the judge of the district court of Newton county, Tex., the following notation:

"8/31/20. Transferred to 58th judicial district court in and for Jefferson Company, Texas, Miller-Link Lumber Company v. R. M. Stephenson et al. No. 1646."

The temporary restraining order, final decree, and docket entry of the transfer, constitute all the decrees or orders rendered by the district court of Newton county, Tex., or the judge thereof, in said cause No. 1646.

On August 31, 1920, attorneys for plaintiff, Miller-Link Lumber Company, and attorneys for defendants, R. M. Stephenson, Adelaide Stephenson, and O. H. Stephenson, entered into a written agreement at Newton, Tex., as to the transfer of said cause No. 1646, the material parts of which read as follows:

"In this cause, it is agreed between the parties, all present and represented by attorneys, that the cause be transferred to the 58th judicial district court of Jefferson county for trial, and that an order to that effect be entered on the docket of this court, which has been done. * * * It is agreed that plaintiff's cause of action, being for injunction, is not contested, and that the injunction and relief prayed for in plaintiff's suit be granted by the trial court, and that this case be tried upon the cross-action as filed by the defendants; and as to such cross-action the burden is upon the defendants, they assuming the attitude of plaintiffs and introducing their witnesses first."

Subsequently, on September 28, 1920, the original petition of the Miller-Link Lumber Company, with the restraining order indorsed thereon, the original answer of R. M. and Adelaide Stephenson and of O. H. Stephenson, the supplemental petition of the Miller-Link Lumber Company, replying to said answers of the defendants, and the order of transfer, were transferred to the district court of Jefferson county, Tex., and

docketed as cause No. 16990. Pending the suit, R. M. Stephenson died, and his heirs were made parties and appeared as plaintiffs in their first amended original answer and cross-action, filed in the district court of Jefferson county, Tex., September 14, 1922.

After the institution of the suit and its transfer to Jefferson county, plaintiff, Miller-Link Lumber Company, was thrown into a federal receivership, and George W. Brown and J. O. Sims were appointed receivers. By consent of the United States District Court for the Eastern District of Tex., at Beaumont, said receivers were made parties, and appeared and filed their first supplemental petition, in reply to defendants' first amended original answer and cross-action, May 17, 1923. The case was tried before the court without a jury, and judgment rendered in favor of appellee O. H. Stephenson for $1,000 as damages for injuries to his premises, and in favor of the other appellees (the wife and heirs of R. M. Stephenson) for $7,033.06, the value of the timber cut by appellant and claimed by said appellees.

This suit involves two controversies, one between the Miller-Link Lumber Company and R. M. Stephenson and Adelaide Stephenson, as to the ownership of the timber cut and removed by the Miller-Link Lumber Company, and the other between the Miller-Link Lumber Company and O. H. Stephenson, the owner of the land on which the timber was cut, as to damages done the land and improvements thereon by the alleged negligence of the Miller-Link Lumber Company in carrying on its logging operations in the removal of said timber.

We will first discuss the contest between R. M. Stephenson and Adelaide Stephenson and the Miller-Link Lumber Company. The trial pleadings consisted of the first amended original answer and cross-action of Adelaide Stephenson and the heirs of R. M. Stephenson, deceased, filed in the district court of Jefferson county on September 14, 1922, in which they alleged they were the owners of the merchantable pine timber standing and growing upon the R. M. Stephenson 160-acre survey in Newton county, Tex., and that the Miller-Link Lumber Company unlawfully cut and removed 1,662,463 feet of said timber during the months of July, August, September, and October, 1919, and asked judgment in the sum of $16,624.63 as the reasonable stumpage value of same. Brown and Sims, receivers of the Miller-Link Lumber Company, appellants, in their first amended supplemental petition replied to said answer and cross-action. They denied generally the allegations of said answer and cross-action, pleaded not guilty, and interposed three special pleas: (a) Plea of res adjudicata and estoppel, based upon the judgment of the district court of Newton county, Tex., referred to above; (b) that whatever title the cross-plaintiffs had was only the right to

cut and remove the timber within a reasonable time after August 23, 1908, and that such reasonable time was three years, which had expired prior to the time the timber was removed by the Miller-Link Lumber Company; and (c) plea of limitation based upon the two years' statute.

The land upon which the timber was cut was patented to R. M. Stephenson March 22, 1889. He is the common source of title. On August 23, 1905, R. M. Stephenson and wife, Adelaide Stephenson, conveyed to the Miller-Link Lumber Company all of the pine timber on the land in controversy, with three years from that date within which to remove said timber. This deed further provided for rights of ingress and egress, and that "all of the timber remaining upon said land at the expiration of the said three years shall revert to and become the property of said R. M. Stephenson." Shortly after executing this deed, on December 14, 1905, R. M. Stephenson and his wife, Adelaide, for a cash consideration of $500, conveyed by general warranty deed the land to B. F. Leonard. This deed contained this provision:

"The pine timber on the land here conveyed is . hereby expressly reserved from this sale, having been by us previously sold to the Miller-Link Lumber Company, of Orange, Texas, they to have three years from the date of such sale in which to remove said timber, and further to have right of way over said land and right to enter any enclosure thereon for the purpose of removing said timber."

Leonard and wife conveyed the land to W. P. Bond, October 10, 1907, and Bond conveyed same to the Miller-Link Lumber Company October 24, 1907. The Miller-Link Lumber Company, October 24, 1909, conveyed the land to D. B. Glenn, but excepted and reserved all the timber thereon as follows:

"Said land is hereby conveyed, but all the timber thereon is reserved, and no part of same shall pass by this conveyance, it being fully stipulated and understood that said Miller-Link Lumber Company shall have ten years from the date hereof in which to remove said timber, and retains the right to go upon said land for the purpose of removing said timber with tramroads, teams, and such other and further equipment as may be necessary for the purpose of removal of said timber, and shall have the right to operate a tram on or across said land; said D. B. Glenn shall have the right to use such dead or down timber as is not suitable for saw logs, as may be necessary to use for firewood," etc.

It was agreed in the trial below between the parties: (a) That three years was a reasonable time in which to cut and remove the timber from the land at any time since August 23, 1905; (b) that the Miller-Link Lumber Company did not cut the timber in controversy within three years from the.date of its original timber deed from R. M. Ste-

phenson and wife of date August 23, 1905; (c) that the Miller-Link Lumber Company did cut and remove the timber within the ten-year reservation contained in its deed to Glenn of date October 9, 1909; (d) that R. M. Stephenson died subsequent to 1919, and after all the timber on said land was cut and removed by the Miller-Link Lumber Company; (e) that appellees, except O. H. Stephenson, are the surviving wife and children, sole heirs of R. M. Stephenson, deceased; and (f) that there is no conveyance of the timber in question into appellees, the children of R. M. Stephenson, deceased, but that they are claiming only through descent, as heirs of said R. M. Stephenson.

Appellants concede that after the original timber deed of August 23, 1905, from R. M. Stephenson and wife to Miller-Link Lumber Company, the title to the land and timber remained in R. M. Stephenson and his wife, subject only to the right of the Miller-Link Lumber Company to cut and remove the timber within the time of its contract— three years, that the Miller-Link Lumber Company, under its deed, could acquire title only to such timber as it actually cut and removed within the three years. If it cut no timber within that time, it acquired no title to any of the timber on the land. They contend, however:

(1) That as R. M. Stephenson and wife. held the title to the timber at the time they conveyed the land to Leonard, December 14, 1905, the effect of their deed to him was to divest them of every right and title they then had in the land and timber, whether present or reversionary, and to vest same in Leonard, and this despite the reservation above noted, that the pine timber on the land was reserved from the sale, it having been previously sold to appellant Miller-Link Lumber Company, with three years in which to remove same. Appellants insist that said reservation was only of such right as grantors had previously sold to the Miller-Link Lumber Company, and was put into the deed for the purpose of protecting R. M. Stephenson and his wife against the general warranty in their deed. Having, within the life of their contract for the cutting and removal of the timber, bought the land from the Stephensons' grantee, appellants insist that they thus became, in fact, the owners of both the land and timber, and that when they sold the land to Glenn, and in their deed of conveyance reserved the timber for a period of ten years from the date of that deed, and that, having cut the timber within that period, they were wholly within their legal rights.

(2) That after R. M. Stephenson and Adelaide Stephenson conveyed the land to B. F. Leonard on December 14, 1905, they had no title in the timber, except the right to cut and remove it within a reasonable time after December 14, 1905, the date of their deed

to Leonard, or after the time for removal given the Miller-Link Lumber Company by them expired, August 23, 1908; that the utmost limit of their time to remove the timber was August 23, 1911, three years after the expiration of the time given Miller-Link Lumber Company to remove said timber, which they insist was a reasonable time.

Opposed to this contention, appellees Mrs. Adelaide Stephenson and the children of R. M. Stephenson insist that, as admitted by appellants, their timber deed to the Miller-Link Lumber Company conveyed not the title to the timber, but only the right to acquire title to so much of the timber as the Miller-Link Lumber Company should cut and remove within the three years granted in which to cut and remove same, and that their reservation of the timber in their deed conveying the land to Leonard continued the title in them to all timber not cut and removed from the land within the three years granted to the Miller-Link Lumber Company for that purpose, and that, when the Miller-Link Lumber Company failed to cut and remove any of the timber within the three years, all the timber still remained and was theirs, and their title to same was not in any wise affected by their conveyance to Leonard, or by the acquisition of the land by the Miller-Link Lumber Company from Bond, nor by the clause in the deed of the Miller-Link Lumber Company to Glenn, whereby it reserved the timber on the land, and ten years from that time to remove same, insisting that all this time the title to all of said timber remained in them unaffected by any of the conveyances, reservations, or stipulations had and made after the conveyance of the timber to the Miller-Link Lumber Company, wherein they reserved the same to themselves if not removed by the Miller-Link Lumber Company within the three years granted in their timber deed.

In reply to the contention of appellants that after R. M. Stephenson and his wife conveyed the land to Leonard, on December 14, 1905, they had no title to the timber except the right to cut and remove it within a reasonable time after the time for the removal given the Miller-Link Lumber Company by them expired, August 23, 1908, and that three years after said time, or until August 23, 1911, was a reasonable time, which also had expired, they say that their conveyance to the Miller-Link Lumber Company did not pass title to the timber, but only the right to acquire the title to same by severing it from the soil within the time allowed in the conveyance, and that as the Miller-Link Lumber Company failed to avail itself of this right, the full fee-simple title remained in them, and hence they were not required to remove same from the land within a reasonable time, or any other period of time.

As we have concluded that appellants' first assignment must be sustained, it is not necessary that we should determine the above interesting and well-briefed propositions, and hence we forego a discussion of same.

Appellants' first proposition is:

"The judgment of the district court of Newton county, Tex., dated September 1, 1919, in this identical cause, whereby R. M. Stephenson was perpetually enjoined from interfering with or obstructing the Miller-Link Lumber Company in cutting and removing the pine timber on the R. M. Stephenson survey was res adjudicata of the title to the timber sued for, and conclusively established the title and right of the Miller-Link Lumber Company to cut and remove same, and the trial court erred in rendering judgment in favor of said defendants for the value of said timber cut and removed by the Miller-Link Lumber Company, and should have rendered judgment against them in favor of plaintiff, Miller-Link Lumber Company, and its receivers."

To this proposition appellees reply:

"(1) The order of the district court of Newton county perpetuating the injunction upon agreement of the parties does not conclude these appellees, for as the suit was for injunction only, the title to the property could not be adjudicated therein.

"(2) The order perpetuating the injunction did not attempt to adjudicate the title to the timber, and no presumption to such effect can be indulged, as the court was without pleading to raise the issue of title.

"(3) As the order perpetuating the injunction was upon agreement of the parties, their further agreement that the case on its merits should be tried upon the cross-action of these appellees clearly relieves the interlocutory consent judgment of conclusive effect."

We will first discuss appellees' insistence that the judgment perpetuating the injunction was upon agreement of the parties, and that the case on its merits should be tried upon the cross-action of appellees. Judging from the record, appellees have misapprehended the nature of the judgment of the district court of Newton county. Plaintiff's original petition was filed in said court July 24, 1919, a temporary restraining order having been issued upon same July 10, 1919, and the writ made returnable to the regular term of said court. September 1, 1919, said court entered the following judgment:

"This the 1st day of September, A. D. 1919, came on to be heard the above entitled and numbered cause, and plaintiff appeared by its attorney, but the defendants though duly cited have failed to appear and answer in this behalf, but wholly made default, and it appearing to the court that a temporary restraining order has heretofore issued out of this court against the defendants, O. H. Stephenson and R. M. Stephenson, restraining them from interfering with or obstructing plaintiffs from entering upon and cutting and removing the timber from the following described tract of land, to wit. * * * It is ordered, adjudged, and decreed by the court that the temporary

restraining order heretofore issued by the court be and the same is here perpetuated and in all things made final, and the defendants, O. H. Stephenson and R. M. Stephenson, are hereby forever enjoined and prohibited from interfering with or obstructing plaintiff, Miller-Link Lumber Company, from entering upon, cutting, and removing the timber from the hereinbefore described land, and all costs of this suit are adjudged against the defendants, for which let execution issue."

Appellees filed no motion to set aside this judgment, and did not appeal from same.

August 31, 1920, one year later lacking one day, the following order was entered on the judge's docket:

"8/31/20. Transferred to 58th judicial district court in and for Jefferson county, Tex., Miller-Link Lumber Company v. R. M. Stephenson et al. No. 1646."

The agreement to transfer the case shows upon its face that it was made contemporaneously with this order, and was reduced to writing after the order for the transfer had been made and entered on the docket. This agreement recites:

"In this cause it is agreed between the parties, all present and represented by attorneys, that the cause be transferred to the 58th judicial district court of Jefferson county for trial, and that an order to that effect be entered on the docket of this court, which has been done. * * * *"

When the judgment making the injunction permanent was rendered and entered, appellees had not appeared in the case. R. M. Stephenson filed no answer until March 12, 1920, and O. H. Stephenson never answered until February 11, 1920. The judgment recites that the defendants, though duly cited, failed to appear and answer. Thus the record shows without dispute that at the time the judgment perpetuating the injunction was entered, there was no agreement of the parties thereto, nor had any of the defendants in any manner appeared or answered in said cause. Therefore the repeated statement of appellees that the judgment was by agreement of the parties, and the finding of the court that the order of the district court of Newton county, Tex., making the temporary injunction permanent, was not upon the merits but by agreement, is without any support in the record, and in direct conflict with the record. Appellees have not, by pleading or proof, offered any explanation of the agreement found in the record, but have assumed without pleading or proof that it was made at the time of the entry of the judgment, and that the judgment was without prejudice to their rights to try the case upon the merits of their cross-action.

[1] This brings us to appellees' other contention, that the suit being for injunction, the order making the injunction permanent had no effect upon the title to the timber, as the title thereto was not and could not be litigated under the pleadings. Appellants' original petition asserted that plaintiff was the owner of the pine timber in question and had the right, for a period of ten years from and after October 9, 1919, to go upon the land for the purpose of removing said timber with trams, teams, and such equipment as was necessary for the purpose of its proper removal. Appellees insist that these allegations did not put in issue the title to the timber, that as the petition was not one in trespass to try title and did not set out the title of the plaintiff, therefore there was no issue of title to be determined.

We cannot agree to this contention. Plaintiff alleged that it was the "owner" of the timber, and had the right to go upon the land and remove same. Who is an "owner," and what does an allegation of "ownership" mean? To own means to hold as property, to have a legal or rightful title to. 21 A. & E. Ency. Law (2d Ed.) 1025. To have a good and legal title to. 29 Cyc. 1548, 1549. An "owner" is defined: "One who owns; a proprietor; one who has the legal or rightful title." Webster. "One who has dominion of a thing, real or personal, corporeal or incorporeal, which he has the right to enjoy and to do with as he pleases, either to spoil or destroy it as far as the law permits, unless he be prevented by some agreement or covenant which restrains his right." Words and Phrases, vol. 6, pp. 5134, 5135; Bouvier's Law Dict.; 28 A. & E. Ency. Law (2d Ed.) 233. These definitions are quoted with approval by Chief Justice Stayton in Turner v. Cross, 83 Tex. 225, 18 S. W. 578, 15 L. R. A. 262. We think that plaintiff's allegation that it was the "owner" of the timber was a sufficient allegation that the title to the timber was in plaintiff, and to put in issue the title and ownership of the timber. It seems that, as a general rule, an allegation that a party is the "owner of" real or personal property, or is "seized of" realty is an allegation of an ultimate fact, and not of a conclusion of law. 21 Ency. Pleading & Practice, 718. Where one alleges that he is the "owner" of the property, he does not have to allege the details—the facts—which his claim of title is based upon.

[2] Was the judgment perpetuating the injunction in the district court of Newton county res adjudicata of the ownership of and title to the property? There was a contention between the parties as to whom it belonged. Both claimed it. When appellees objected to the timber being cut by appellant, the matter was carried into court in the form of injunction proceedings, the Miller-Link Lumber Company filing the suit and alleging ownership of the timber and its right to cut and remove same. On this petition a temporary writ of injunction was granted, and the case set for hearing on the facts, and

appellees cited to appear and answer. On the day set the cause was regularly called, and appellees made no appearance, filed no answer, and offered no defense, and judgment was entered against them "forever" restraining them from interfering with appellant in the removal of the timber. Appellees filed no motion to set aside this judgment, and did not appeal from same. It thus became final, and under it appellants proceeded to cut and remove the timber. The identity of the parties and the subject-matter in controversy are not questioned.

[3, 4] The court had jurisdiction of the parties and subject-matter. While a judgment to be conclusive must have been rendered in a proceeding involving an investigation or affording an opportunity for an investigation and determination of the merits of the suit, yet, in order that the merits of the suit be determined, it is not necessary that there should have been an actual trial and canvassing of the facts of the case. Insurance Co. v. King, 31 Tex. Civ. App. 636, 73 S. W. 71. It is well settled that all matters put in litigation by the pleading, and which could have been adjudicated in the suit are concluded by the judgment. Hermann v. Allen, 103 Tex. 382, 128 S. W. 115. A judgment is conclusive as to all matters in issue, either expressly or by necessary implication, which have been determined in order to support the judgment. Shook v. Shook (Tex. Civ. App.) 145 S. W. 699. It has been held that a judgment on a demurrer going to the merits of a petition or answer is as conclusive a former adjudication as would be a judgment on the merits, and is as binding upon the party until reversed, vacated, or set aside. Parker v. Spencer, 61 Tex. 155; Dixon v. Zadek, 59 Tex. 529.

[5] In the instant case, the issue as to the ownership of the timber was unquestionably raised by the pleadings. The appellees were duly cited to appear and answer. They had the opportunity to be heard and to make defense to the suit. Unless the Miller-Link Lumber Company owned the timber, it was not entitled to the injunction. If it did own the timber, it was entitled to a restraining order to prevent appellees interfering with the exercise of its right to cut and remove same. The ownership of the timber was the vital question involved. When the court rendered its final judgment, it found as a fact and concluded as a matter of law that as between R. M. Stephenson, Adelaide Stephenson, and O. H. Stephenson, the Miller-Link Lumber Company owned the pine timber in controversy, with the right to cut and remove same within ten years from and after October 9, 1919. Without such finding of fact and conclusions of law, there was nothing upon which to base the judgment. No appeal was taken from that judgment, and it has never been set aside. Therefore we hold that it was res adjudicata of the title to and ownership of the timber, and hence we reverse the judgment of the court below, and here render judgment for appellants as to the timber.

[6] We come now to discuss the controversy between O. H. Stephenson and Miller-Link Lumber Company. The trial pleadings consisted of the second amended original answer and cross-action of the defendant O. H. Stephenson, in which he made appellants, George W. Brown and J. O. Sims, federal receivers of the Miller-Link Lumber Company, parties defendant to his cross-action, and alleged that he was the owner of the R. M. Stephenson 160-acre tract of land, upon which the timber in question was situated, and that during the months of July, August, September, October, and November, 1919, the Miller-Link Lumber Company unlawfully entered upon his said land for the purpose of cutting and removing the timber therefrom. and conducted its logging operations in such a willfully reckless and negligent manner as to greatly damage his said premises and property (fully pleading the items of damage).

Said receivers, Brown and Sims, answered by general denial, and specially: (a) Plea of res adjudicata by reason of the judgment of the district court of Newton county described above; (b) that appellant had the right to go upon the land for the purpose of removing its timber, and that it carried on its logging operations in a careful and customary manner, and that if damages occurred to the premises, they were unavoidable; (c) that the tramroad complained of was located as per the directions of appellee O. H. Stephenson, and he was estopped to complain of same; (d) plea of two years' limitation against appellee's demand.

The trial court found that O. H. Stephenson owned the land, and that the Miller-Link Lumber Company, in removing the timber, failed to use due care, and did not remove the timber in the usual and customary way, and that the removal of said timber was negligent and without due regard to the property and improvements of the defendant O. H. Stephenson, by reason of which he was damaged: (a) Destruction of grass in pasture, $135; (b) to posts and wire fence, $50; (c) leaving trees and tree tops on ground, $40; and (d) permanent damage to land from water, etc., $775—totaling $1,000.

Since we have held that the judgment of the district court of Newton county perpetually enjoining defendants from interfering with appellant in the cutting and removing of the timber was res adjudicata of the title to the timber, therefore the entry upon the land was lawful, and appellant, the Miller-Link Lumber Company, cannot be held in damages to appellee O. H. Stephenson, except for the damage, if any, that occurred by reason of the

negligent and improper manner in conducting its logging operations. Said judgment established, as against appellee O. H. Stephenson, the right of ingress and egress on and over the land and the employment of the usual and customary means for removing the timber. This included tramroads and wagon roads, such as were reasonably necessary for the transportation of the timber severed from the land. Davidson v. Bodan Lumber Co. (Tex. Civ. App.) 143 S. W. 700 (writ denied).

[7] Damages that are natural and unavoidable, necessarily incident to the exercise of the right by appellee to cut and remove the timber, cannot be made the basis for a legal recovery. In order to recover, appellee must show that the damages suffered resulted from the negligent exercise of its rights by appellant. We think the record shows that some of the damages shown were necessarily incident to the right of appellant to cut and remove the timber, and the evidence not showing how much of the damages was caused through negligence, and how much was unavoidable, it is therefore insufficient to support the judgment awarding damages. Railway v. Dunn (Tex. Sup.) 17 S. W. 822.

[8] Appellants complain that as to many of the items of damage claimed and allowed, the nature of the evidence received to establish same, and the measure to ascertain the amount thereof, were erroneous. We think some of these assignments are well taken, but as the case will have to be reversed and will be tried again as to the question of damages between appellants and O. H. Stephenson, and as these questions may not arise upon another trial, we will not further discuss them.

From what we have said, it follows that the judgment in favor of appellees Adelaide Stephenson and the heirs of R. M. Stephenson, on their cross-action awarding them the timber in question, should be reversed and here rendered in favor of appellants, and that the judgment in favor of appellee O. H. Stephenson for damages should be reversed and remanded for a new trial, and it is accordingly so ordered.

Reversed and rendered in part, and reversed and remanded in part.