# THE ATTORNEY GENERAL
## OF TEXAS


August 8, 1952

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas                    Opinion No. V-1503

                           Re:  Legality of a Class B
                                 Wholesaler's transport-
                                 ing ale in a motor ve-
                                 hicle which he holds as
                                 lessee under a year-to-
Dear Mr. Stevenson:          year lease.

        In your letter requesting an opinion of this office you state that you are concerned with Paragraph (13), Section 15, of the Texas Liquor Control Act (Art. 666-15, V.P.C.). Specifically, you ask whether a Class B Wholesaler can transport ale in trucks which he holds as lessee on a year-to-year lease with an option to purchase or an agreement to purchase on demand of the lessor, in view of the above mentioned paragraph of the Liquor Control Act.

        Paragraph (13) of Article 666-15, V.P.C., reads in part:

    "Private Carrier Permit. Brewers, dis-
    tillers, wineries, rectifiers, wholesalers,
    Class B Wholesalers, and Wine Bottlers Per-
    mittees shall be entitled to transport liquor
    from the place of sale or distribution to the
    purchaser, upon vehicles owned in good faith
    by such permittees when such transportation
    is for a lawful purpose; . . ." (Emphasis ours
    throughout.)

        Paragraph (5) of Article 666-3a, V.P.C., reads:

    "'Liquor' shall mean any alcoholic bev-
    erage containing alcohol in excess of four (4)
    per centum by weight, unless otherwise indi-
    cated. Proof that an alcoholic beverage is al-
    cohol, spirits of wine, whiskey, liquor, wine,
    brandy, gin, rum, ale, malt liquor, tequila,

mescal, habanero or barreteage, shall be
prima-facie evidence that the same is li-
quor as herein defined."

It is contended by the lessor of the trucks
in question that the definition of "owner" as set out
in Section 10, Subdivision (d), of Article 6701d, V.C.S.,
controls the question here involved.

Section 10, Subdivision (d), Article 6701d, reads:

"Owner. A person who holds the legal
title of a vehicle or in the event a ve-
hicle is the subject of an agreement for
the conditional sale or lease thereof with
the right of purchase upon performance of
the conditions stated in the agreement and
with an immediate right of possession vested
in the conditional vendee or lessee, or in
the event a mortgagor of a vehicle is en-
titled to possession, then such conditional
vendee or lessee or mortgagor shall be deem-
ed the owner for the purpose of this Act."

"This Act" referred to above is clearly Article
6701d, V.C.S., entitled "Uniform Act Regulating Traffic on
Highways." Nothing in the act indicates a legislative in-
tent to extend this definition to any statutes other than
to Article 6701d.

For an answer to your question we must look not
to the meaning of the word "owner" in Article 6701d but to
the meaning intended by the Legislature in the particular
statute under consideration, Article 666-15, V.P.C. Here
the term "owner in good faith" is used.

The verb "owned" has been used in the sense of
a good legal title. Miller-Link Lumber Co. v. Stephenson,
265 S.W. 215, 220 (Tex. Civ. App. 1924, Aff'd, Tex. Comm.
App., 277 S.W. 1039), wherein the court said:

" . . . to own means to hold as property,
to have a legal or rightful title to. 21 A. &
E. Evey. Law (2d Ed.) 1025. to have a good and
legal title to. 29 Cyc 1548, 1549. An owner
is defined: 'one who owns; a proprietor; one who
has the legal or rightful title: Webster, 'one
who has dominion of a thing, real or personal,
corporeal or incorporeal, which he has the right

> to enjoy and do with as he pleases, either
> to spoil or destroy it as far as the law
> permits, unless he be prevented by some agree-
> ment or covenant which restrains his right.'"

We recognize that the term "owner" is often construed to include one holding property under lease. Atty. Gen. Op. V-1497 (1952). The construction depends upon the context and purposes of the statute in which the term is used.

It is our belief the words "owned in good faith by" were used in Paragraph 13 of Article 666-15 of the Texas Liquor Control Act in the sense of an absolute and unqualified legal title. In Paragraph (g) of Article 667-23$\frac{1}{4}$ of the Liquor Control Act, a section similar to Paragraph 13 of Article 666-15 but applying to the transportation of "beer", the words "or leased" immediately follow the word owned, while these words are conspicuously omitted from Paragraph 13 of Article 666-15.

Paragraph 13 of Article 666-15 reads in part:

" . . . upon vehicles owned in good faith
by such permittees . . ."

Paragraph (g) of Article 667-23$\frac{1}{4}$ reads in part:

" . . . in vehicles owned or leased in good
faith by him."

The Legislature having limited the transportation in Article 666-15 to "vehicles owned in good faith" while expressly authorizing the use of "leased" vehicles in Article 667-23$\frac{1}{4}$ clearly indicates a legislative intent to require permittees under the former section to have absolute legal title in vehicles used for transporting liquor. This is in accord with well established rules of statutory construction. 2 Sutherland Statutory Construction (3rd Ed. 1943) 414.

## SUMMARY

A Class B Wholesaler cannot transport ale
from the place of sale or distribution to the
purchaser upon a motor vehicle which he holds
as a lessee under a year-to-year lease with an

option to purchase or agreement to purchase on demand of the lessor. To do so would violate Article 666-15, V.P.C., which restricts a Class B Wholesaler transporting ale to "vehicles owned in good faith by such permittees."

Yours very truly,

APPROVED:

Ned McDaniel
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles S. Mathews
First Assistant

MR/ec

PRICE DANIEL
Attorney General

By *Milton Richardson*

Milton Richardson
Assistant